# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :            Case No. 3:08-cr-057

  -vs-                                     Chief Magistrate Judge Michael R. Merz

                                :

LARRY L. RIFFLE,

       Defendant.

**DECISION AND ORDER DENYING SECOND MOTION TO SET ASIDE SENTENCE**

This case is before the Court on Defendant's Second Motion to Set Aside Sentence Imposed September 3, 2008, and for Stay of Execution (Doc. No. 13).

Defendant's first Motion to Set Aside was denied in part because the Defendant cited no authority for the Court to take the action he requested. The denial was without prejudice to a refiling with some citation of authority.

In the Second Motion, Defendant again cites no authority to allow a federal court to modify a sentence once it has been imposed. That is what happened on September 3, 2008, and the sentence then imposed has been embodied in the Judgment and Commitment Order. The Court is not aware of any authority which would permit it to modify that judgment.

In the Second Motion, counsel states that he "has been unable to find any authority which stands for the proposition that this Court is required to impose a sentence of imprisonment in regards to Defendant's violation (Second Motion, Doc. No. 13, at 2.) To prevent any misunderstanding, this Court understands now and, more importantly, understood at the time of sentencing that it was not required by law to impose an imprisonment sentence. Rather, the Court understood that, after

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the United States Sentencing Guidelines are advisory, not mandatory.  It was therefore this Court's obligation to impose a reasonable sentence, considering all the factors included in 18 U.S.C. § 3553(a).  In doing so, the Court was also obliged to consider the advice implicit in calculating a guideline range, which is what the Court did and what it believes it recited for the record at the time.

The sentence requested by the Defendant – home confinement – is a probationary sentence. It would have been lawful to impose in this case because there is no mandatory minimum sentence required by law.  However, it would have been far outside the guideline range of twelve months. Indeed, the guideline range is twelve months because that is the statutory maximum.  The criminal conduct in which Defendant engaged would have resulted in a guideline range of 18-24 months if he had been convicted of a felony.

What the Court did in imposing sentence was to exercise its discretion and impose a sentence in compliance with, as the Court understands it, 18 U.S.C. § 3553(a).  In other words, the Court believes that, given all the relevant sentencing factors, including the advice implicit in the calculation of a guideline range, a twelve month incarcerated sentence is what the Defendant deserves.  Departure below the guideline range would convey entirely the wrong message to Defendant and to society in general, to wit, that those who deal in dangerous weapons, some of which end up in the hands of violent criminals, cannot avoid prison merely by claiming they were careless recordkeepers.

The Second Motion to Set Aside Sentence is denied, both for want of authority and because granting it would be inappropriate even if the Court had authority.

October 2, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge